■   JOHN SHRAMKO, Respondent, et al., Plaintiff, v HILLS WRECKING CORP., Appellant.—Judgment, Supreme Court, New York County, entered in favor of plaintiff in this personal injury action, on June 2, 1976, after trial before Kaplan, J., and a jury, unanimously reversed, on the law, and a new trial directed with $60 costs and disbursements to abide the event. Following an earlier trial, the same Justice who presided over this trial, directed a verdict in favor of plaintiff on liability. This court unanimously reversed, holding that issues of fact had been presented which should have been submitted to the jury. We stated specifically (52 AD2d 523), that "Whether that work [demolition] had actually been commenced was a factual issue, the determination of which would have been a factor in attaching liability to defendant-appellant". Irrespective of such clear holding, and even though the pleadings before the trial court, on the retrial, were the same as those which had been before it on the earlier trial, the court once again took this issue away from the jury on the basis of a purported admission contained in defendant-appellant's answer. This was clearly reversible error. The trial court's reliance on the answer of the defendant as a concession that demolition work was actually in progress was completely misplaced. The admission that the defendant was engaged in demolition work might well have been intended to refer to the fact that the defendant, on the occasion in question, had a contract to demolish, but it certainly was not an admission that, at the very time of the accident, the actual demolition work had commenced. This was a fact issue and this court so held on the first appeal. In addition, the plaintiff's witnesses testified that, when the accident occurred, the defendant was engaged in erecting a sidewalk shed for the protection of pedestrians and no demolition work had been done. Concur— Lupiano, J. P., Capozzoli, Lane, Markewich and Lynch, JJ.